SIMPSON BOBO, PLAINTIFF IN ERROR, *vs.* H. L. GOSS, DEFENDANT IN ERROR.

Debt on sealed note for $600, dated November 30, 1863, and payable, with interest, "in gold, six months after the present war with the United States is ended." Pleas: *Nil debet;* deprec'ation of consideration ; payment and discount. At the trial, in April, 1869, evidence was introduced to show that the consideration of the note was a loan of $600 in notes of a Cotton Loan Association, incorporated under the Act of 1861; that such notes were of no value at the time of the trial, and that they were worth 50 per cent. more than Confederate money at the date of the note. The presiding Judge ruled that the case came within the proviso of Sec. 4 of the Ordinance of 1865, and charged the jury "that they must reduce the amount of the note to the standard of Confederate money at its date." Verdict for plaintiff for $200 : *Held,* That there was error in the charge to the jury, and case remanded, with instructions to issue a *venire facias de novo.*

The intent of the proviso was to make it competent to show, by evidence, that, in using the word "dollars," parties had reference to the existing currency at the date of the contract ; and where that is shown, it is error to instruct the jury what verdict to find. They should be left free to find such verdict as, in their judgment, will "effect substantial justice between the parties."

An express written contract to pay so many dollars "in gold" is not within the proviso, and can be discharged by payment only in gold coin, according to the terms of the contract.

BEFORE THOMAS, J., AT UNION, APRIL TERM, 1869.

The opinion of the Supreme Court, delivered by the Chief Justice, contains as full a statement of the case as the brief furnishes, and to that statement it is only necessary to add that the jury found for the plaintiff $200.

*Bobo,* for plaintiff in error.

*Wallace & McKissick,* contra.

March 29, 1870. The opinion of the Court was delivered by

MOSES, C. J. This was a writ of error to the Circuit Court for the District of Union.

The plaintiff sued the defendant as one of the makers of a sealed note, of which the following is a copy :

"We, or either of us, promise to pay to Simpson Bobo, or order, six hundred dollars, to be paid in gold six months after the present war with the United States is ended, with interest from the fifteenth of December last, to be added to the principal annually, and bear interest until paid. Witness our hands and seals, November 30, 1863."

The pleas were: *Nil debet;* depreciation of consideration; payment and discount. No testimony was offered, either to the plea of payment, or that of set-off.

From what we can gather from the report of the presiding Judge, it appears that evidence was introduced to show that the consideration of the note was the loan of bills of the Cotton Loan Association, amounting to the principal sum expressed in the note; that the said company was incorporated by the State, and, under its charter, its issue was restricted to a basis founded on cotton subscribed, not to exceed the rate of six cents per pound; the said notes to be redeemable in gold six months after the removal of the blockade, (Acts of 1861, p. 45); that, although they were of no value at the time of trial, they were, at the date of the note, worth fifty per cent. more than Confederate money.

The Judge held that the contract came within the purview of the proviso of the fourth Section of the Ordinance of the Convention of September, 1865, entitled "An Ordinance to declare in force the Constitution and laws heretofore in force in this State, and the acts, official, public and private, done, and appointments and elections made, under authority of the same;" and charged the jury that they must reduce the amount appearing by the face of the note to be due, to the standard of the value of Confederate money at its date.

Conceding that the Ordinance had any application to the contract, as made between the parties, the Judge assumed the right to determine its "value," when, by the terms of the Ordinance, the case being on the law side of the Court, "a verdict" was to be "rendered" which should "effect substantial justice between the parties." The end was to be attained by the introduction of "testimony showing the true value and real character of the consideration." The conclusion was to be drawn by the jury from the facts proved; but they were precluded from considering the effect of them by the instruction of the Court, "that they must reduce the amount of the note to the standard of Confederate money at its date." Thus leaving nothing for them to pass upon but the execution of the instrument.

The purpose of the Ordinance, by the proviso referred to, was to allow parties to contracts entered into between 1st January, 1862, and 15th May, 1865, during which periods war existed between certain confederated States of the Union and the United States, the opportunity of showing, where the term dollar was used by them,

that it was not intended to designate or refer to the coin denomination, but to the only currency then circulating within the said confederated States representing dollars, to wit: the notes and bills issued by the said States.

In the case of *Rutland* vs. *Copes*, 15 Rich., 84, the Court of Errors held that the said Ordinance was not in conflict with so much of the 10th Section of the 1st Article of the Constitution of the United States as prohibits a State from passing any law impairing the obligation of contracts.

The Supreme Court of the United States, in the late case of *Thorington* vs. *Smith*, 8 Wal., 1, in which the opinion was delivered by the Chief Justice, held that evidence could be received to prove that a promise, expressed to be for the payment of dollars, was, in fact, made for the payment of any other than lawful dollars of the United States; and, in effect, adopts the language of the Ordinance, that such testimony must be received, in order that justice may be done between the "parties."

How could the maker of the note claim that the plaintiff was only entitled to the payment of so much, in gold or United States currency, as would represent the amount due upon the note, and promised by him to be paid, reduced to the value of Confederate money at its date, when the consideration of the contract was not Confederate money, but was the loan of bills of an incorporated company, issued on a basis of cotton at six cents per pound at the time pledged for their redemption? Such money could not have entered into the elements of the transaction.

In what we have so far said, we have regarded the note as if expressed to be payable in dollars. Even if the Ordinance intended to operate on an undertaking to pay so many dollars in gold, yet, as its declared purpose was to secure "such verdict or decree as will effect substantial justice between the parties," any verdict, finding less than the true amount for which they had expressly stipulated, would fall far short of that measure of "substantial justice" which they had established for themselves, and by which they had agreed to be regulated by the very language of their contract. As if to preclude all doubt as to their intention that the amount assumed by the note was not to be satisfied in the only currency then circulating in the State, they expressly set forth that when due it was to be paid in gold.

A refusal to pay in gold would be a breach of the agreement, and the defendant must be held to the performance of his under-

taking, unless he can relieve himself by some defence other than that implied by his plea, to which, alone, any testimony was offered.

The cases of *Bronson, Ex'r.*, vs. *Rodes*, 7 Wallace, 229, and *Butler* vs. *Horwitz*, Ibid, 258, to which reference has been made by the plaintiff's counsel, do no more than hold that, where the intent and understanding of the parties, when they enter into a contract, are ascertained, it must be enforced according to such intent and understanding; and as, in the said cases, all the circumstances attending the execution of the obligations sought to be enforced, established, beyond dispute, that they were to be paid in gold, satisfaction could not be compelled in legal tender notes, or anything but gold.

It is ordered, that the judgment be set aside, and the cause remanded to the Circuit Court, with instructions to issue a *venire facias de novo*.

*Willard*, A. J., concurred.